IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRENTON JOSEPH GUIDA                                              PLAINTIFF

V.                            CASE NO.   5:17-CV-05012

DEPUTY TANNER WEEKS                                             DEFENDANT

## OPINION AND ORDER

This is a civil rights case filed by Plaintiff Trenton Joseph Guida, under the
provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis* and *pro se*.  He is
currently incarcerated in the Washington County Detention Center ("WCDC").  Currently
before the Court is a Motion to Dismiss (Doc. 10) filed by Defendant Deputy Tanner
Weeks, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.
For the reasons explained herein, the Motion is **GRANTED**.

## I. BACKGROUND

In his Complaint, Plaintiff alleges defamation of character.  Specifically, Plaintiff
alleges that Deputy Weeks stated over the intercom, "Guida, if you was to do boy push ups
instead of little girl push ups, you would get better results."  (Doc. 1, p. 4).  Plaintiff also
alleges that on another occasion, Deputy Weeks approached Plaintiff during dinner and
asked him "why [he] was in his feelings so bad."  *Id.* at 5.  Guida asserts that these
comments, one made over the jail intercom and one made in the presence of other male
inmates, made him appear vulnerable and weak and put him in danger of "preditorial [sic]
male inmates."  *Id.*  Guida further asserts that the comments caused him emotional
distress and embarrassment and endangered his safety and welfare.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.* at 594. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), or a reasonable inference that the "defendant is liable for the misconduct alleged," *see Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (finding that while pro se complaints are to be liberally construed, they must allege sufficient facts to support the claims).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, Plaintiff alleges only that Deputy Weeks made a verbal comment that made

2

Plaintiff appear vulnerable and put him in danger of attack by other inmates. The allegations, if accepted as true, do not set forth a violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (citations omitted). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991)).

Although it has been held that a threat is actionable if it is "so brutal or wantonly cruel as to shock the conscience, . . . or if the threat exerts coercive pressure on the plaintiff," *King*, 117 F.3d at 1067, the statements at issue in the instant matter—even if true—do not meet that level of severity. These comments are, at most, inappropriate or unprofessional, but they do not amount to a constitutional violation. Plaintiff has purported to sue Deputy Weeks in both his official and personal capacities; however, all claims will be dismissed due to Plaintiff's failure to state a claim of constitutional import. Furthermore, Plaintiff has not alleged a plausible "policy" claim against Washington County that would implicate official-capacity liability. In other words, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).

## IV. CONCLUSION

For these reasons, the Motion to Dismiss (Doc. 10) filed by Defendant Deputy

3

Tanner Weeks is **GRANTED**, and all claims against him are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

    **IT IS SO ORDERED** on this _____ day of July, 2017.

                                            _____

                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE

4